**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GOLDA D. HARRIS,    :

                      :    Civil Action No. 14-7435 (PGS)

        Plaintiff,    :

                      :

v.    :    **OPINION**

                      :

N.J. DEP'T OF CORR.,    :

                      :

        Defendant.    :

**SHERIDAN**, District Judge:

Plaintiff Golda Harris ("Plaintiff"), a prisoner currently confined at Edna Mahon Correctional Facility in Clinton, New Jersey, seeks to bring this action *in forma pauperis*. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant New Jersey Department of Corrections. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that the Department of Corrections "denied [her] access to the courts in a

timely manner and had untrained paraprofessional untrained in the law.   Denied [her] meaningful

access to ILA by allowing one cell visit per week for 10-15 minutes to collect copies.   This directly

caused the lawsuit and appeal to be late then dismissed as out of time."   (Com. ¶ 5(b).)   Plaintiff

is seeking reinstatement of her state court case and a minimum of three visits per week to her cell

by the Inmate Legal Assistance.   (Compl. ¶ 9.)

## II.   DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),   seeks redress

against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect

to prison conditions, *see* 28 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss

any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.   This action is subject to

sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff

is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To

survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis[2]**

Here, the Court initially notes that Plaintiff names the Department of Corrections as the only defendant. However, the New Jersey Department of Corrections is not a "person" under § 1983. *See Ewing v. Cumberland Cnty.*, No. 09–5432, 2015 WL 1384374, at \*25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12–5069, 2014 WL 4978579, at \*2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (state department of corrections and state prison facilities are not "persons" under § 1983). Therefore, the Department of Corrections will be dismissed from this action with prejudice.

Even if Plaintiff had named an appropriate defendant, her access to the courts claim would still be subject to dismissal. The First and Fourteenth Amendments guarantee inmates a right of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)). The Supreme Court has repeatedly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis*, 518 U.S. at 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (internal quotations omitted)). This right however, is not unlimited. "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*,

---

[2] This action appears to be duplicative to Civil Action No. 13-6674, wherein Plaintiff also raises access to the courts claims related to state court action UNN-3960-10. *See Harris v. Bennett*, Civil Action No. 13-6674 (PGS). To the extent it is not duplicative and Plaintiff intends to maintain two separate actions, the Court will screen the instant Complaint.

518 U.S. at 355.

Additionally, an inmate must show that the lack of meaningful access to the courts caused him past or imminent "actual injury".   *See Lewis*, 518 U.S. at 350–52; *Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir. 1997).   To do this, he must identify an "arguable," "nonfrivolous" underlying cause of action, either anticipated or lost, and show that the prison's deficient program frustrated his efforts to litigate that action.   *Lewis*, at 351–53; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To satisfy the "actual injury" requirement,

> [An inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint.

*Lewis*, 518 U.S. at 351.

In her Complaint, Plaintiff fails to provide any information about her underlying state court action.   The Court is unable to determine whether it is an action to attack her sentence, directly or collaterally, and or to challenge the conditions of her confinement.   Moreover, the Court is unable to determine whether it is "arguable" and "nonfrivolous."   Finally, Plaintiff does not provide sufficient information about "actual injury."   She attaches an order from state court which allegedly supports her contention that the case was dismissed because her "lawsuit and appeal [were] late," however the order she provides only shows that a single "motion to file as within time" and a "motion for reconsideration to proceed without transcripts" were denied by the Appellate Division. (Comp. 10.)   There is nothing contained in the order which would indicate that the entire case was dismissed due to Plaintiff's late filings.   Therefore, even if Plaintiff had named a proper defendant, the Court would nevertheless dismiss this access to the courts claim without

5

prejudice.

## III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]   An appropriate order follows.

Dated:   7-2-15

_____
Peter G. Sheridan, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*